UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN ANTHONY THORNTON and MINOR CHILD "JT," | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| SCAN, INC., an Indiana organization, *et al.*, | ) ) ) ) |
| Defendants. | ) |

CAUSE NO. 1:14-CV-178

## OPINION AND ORDER

Before me is Defendants' motion to dismiss (DE 16) requesting that I dismiss Thornton's complaint for various procedural and jurisdictional reasons. Also before me is Defendants' motion for a summary ruling (DE 22). For the reasons below, Defendants' motion for a summary ruling (DE 22) is **GRANTED** and their motion to dismiss (DE 16) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

As usual, I'll start with the facts as alleged in the complaint, which I accept as true at this point in the case. Brian Anthony Thornton, a *pro se* plaintiff, is the father of a minor child, JT. Thornton and his wife are either divorced or in the process of divorcing. As a condition of their custody arrangement, the court handling the

1

Thornton's divorce ordered that Thornton's visits with his son be supervised by Defendant SCAN, Inc.

Thornton hasn't had very positive experiences at SCAN's facilities. Thornton alleges various run-ins with SCAN's employees, who are listed as co-defendants. For example, Thornton claims he was subjected to illegal searches or "frisks" upon entering the premises, was not allowed to change his son's diaper, was not allowed to pray with his son, and was denied access to his son without cause. Thornton alleges each of these occurred multiple times.

Thornton alleges that these actions violated his rights under the First, Second, Fourth, Sixth, and Fourteenth Amendments of the U.S. Constitution. He also claims that Defendant SCAN "was Ordered to act as the agency of Parenting Time on behalf of the State of Indiana Government." (DE 7 at 3.) Because of that, Thornton claims SCAN was a state actor and that the complaint therefore states a proper claim under 42 U.S.C. § 1983.

The defendants claim that I do not have "jurisdiction" over these claims under Section 1983 because SCAN was not a state actor. This is incorrect. Whether SCAN is or is not a state actor is not a matter that divests me of jurisdiction. If SCAN is not a state actor that would be grounds to dismiss for failure to state a claim under Rule 12(b)(6). But my "jurisdiction" to hear the matter is certainly not in question. In addition, defendants further claim that Thornton doesn't have standing to pursue his declaratory and injunctive remedies against SCAN because there is no longer a case or

controversy between him and SCAN now that SCAN is no longer responsible for monitoring his supervised visitation. Defendants also want me to dismiss this matter for various procedural deficiencies.

Thornton has not responded to Defendants' motion to dismiss, even though the time to do so has long since passed. Defendants request that I therefore summarily rule on their motion to dismiss, absent Thornton's response. That request will be **GRANTED**. I'll therefore take each of Defendants' arguments in their motion to dismiss in turn.

## DISCUSSION

To survive a motion to dismiss under Rule 12(b), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage I must accept all allegations as true and draw all reasonable inferences in the complainant's favor, but I don't need to accept threadbare legal conclusions supported by mere conclusory statements. *See id*. at 678. So under *Iqbal*, I must first identify allegations in the complaint that are not entitled to the assumption of truth by, for example, disregarding legal conclusions. *Id*. Then I must look at the remaining allegations to determine whether they plausibly suggest an entitlement to relief. *Id*. Determining whether a complaint states a plausible claim for relief requires me to draw on my judicial experience and common sense. *Id*. at 679. And I must also bear in mind that "[a] document filed *pro se* is to be liberally construed,

and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Procedural Defects**

At the outset, Defendants request that I dismiss the complaint because it was not executed under penalty of perjury as required by my previous order (DE 4) and it was filed two days late, also in contravention of my colleague's previous order (DE 6). Although Thorton did not precisely follow my order, I am generally of the mind that claims should be tackled on the merits rather than on procedural technicalities. This is especially so when I am dealing with a *pro se* litigant. *Erickson*, 551 U.S. at 94. Since "it is clear that the decision whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion," and since Defendants have shown no prejudice resulting from these transgressions, I'll exercise my discretion to overlook them. *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) (quoting *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995)); *Eubanks v. Norfolk S. Ry. Co.*, 875 F. Supp. 2d 893, 898 (N.D. Ind. 2012). In other words, I'm not going to dismiss the complaint on these bases.

**Section 1983 Claims**

Section 1983 provides a cause of action for individuals whose constitutional rights are denied to them "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. The shorthand description of this is that a

4

plaintiff must demonstrate that a defendant deprived him of a federal right while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970), *abrogated on other grounds*. Section 1983 protects citizens from conduct by the government, but not from conduct by private actors, no matter how outrageous the conduct might be. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009).

But there's an exception to this rule. A private entity can be found to have acted under color of law if there is evidence of a concerted activity between a state actor and that private entity such that the private parties' "alleged infringement of federal rights [is] fairly attributable to the state." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). This requires "such a 'close nexus between the State and the challenged action' that the challenged action 'may be fairly treated as that of the State itself.'" *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 823 (7th Cir. 2009) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). So in order for Thornton's action to proceed, he must plead facts showing that SCAN acted under color of state law in depriving him of his constitutional rights.

The Supreme Court has set forth a number of tests to determine whether a private party acted under color of state law. There's the joint action test, *see Dennis v. Sparks*, 449 U.S. 24, 27 (1980), the public function test, *see West v. Adkins*, 487 U.S. 42, 55-56 (1988), the state compulsion test, *see Adickes*, 398 U.S. at 168, and the nexus test, *see Jackson*, 419 U.S. at 351. Though these tests provide guidance, "the Supreme Court has

5

emphasized repeatedly that courts must decide the state-action issue on a case-by-case basis considering *all* of the circumstances." *Tarpley v. Keistler*, 188 F.3d 788, 793 (7th Cir. 1999) (emphasis in original).

According to Thornton, Defendant SCAN, Inc. was "Ordered to act as the agency of Parenting Time on behalf of the State of Indiana Government." (DE 7 at 3.) At a minimum, Thornton has therefore alleged that SCAN was an agent of the state. But Defendants claim that isn't good enough because Thornton needs to allege that the government and SCAN actively conspired to deprive him of his rights. This stretches the pleading requirement too far. It is surely the case that Thornton will ultimately have to prove that SCAN was a state actor, whether he proceeds under a joint action theory or otherwise. *See Cunningham v. Southlake Center for Mental Health*, 924 F.2d 106, 107-08 (7th Cir. 1991). It's instructive that *Cunningham* is a case that proceeded to trial and was dismissed only after the plaintiff failed to prove state action. But I can't find any authority indicating that he has to *allege* a conspiracy as this early stage. Simply put, I don't know at this stage whether SCAN is, in fact, an agent of the State of Indiana such that it can be said to have acted under the color of state law, but that's what discovery is for. At this point, Thornton has alleged SCAN is the government's agent and I have to take that fact as true. *Iqbal*, 556 U.S. at 678. And I think it's reasonable to

6

think that the fact that the state court ordered SCAN's participation may mean that SCAN was acting under color of law.[1]

Defendants further argue that I should decline jurisdiction here because Thornton's claims relate to his divorce proceedings and are therefore subject to the domestic relations exception to federal jurisdiction. (DE 17 at 3.) Essentially, what that means is that I'm not supposed to adjudicate issues pertaining to someone's divorce or custody arrangement because those are state matters. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). But that's not what Thornton is asking me to do. He's not asking that I change anything that the state court has ordered, like the terms of his custody arrangement. Instead, he's claiming certain policies and procedures implemented by SCAN have violated his constitutional rights. Cf. *Jones v. Brennan*, 465 F.3d 304 (7th Cir. 2006). His beef is not with the fact that SCAN has been ordered to oversee his visits with his son. Instead, he is complaining about the manner in which SCAN is

---

[1] The defendants have not argued, and therefore I need not decide, whether SCAN would be entitled to judicial immunity. If Thornton had brought this claim directly against the state court judge who appointed SCAN, any such claim would have been dismissed on grounds of judicial immunity. Because SCAN was acting at the behest of a state judicial officer they may also, by extension, be entitled to judicial immunity. Courts have found that to be the case under similar circumstances. *See e.g. Millspaugh v. County Dept. of Pub. Welfare of Wabash*, 937 F.2d 1172, 1176 (7th Cir. 1991) (social workers entitled to absolute judicial immunity for submissions to the court, and qualified immunity for actions relating to removal of children from parents' home); *Pelham v. Albright*, No. 3:11cv99, 2012 WL 1600455, *6-7 (N.D.Ind. May 4, 2012) (same); *El-Shabazz v. Henry*, No. 12Civ.5044, 2012 WL 5347824, at *5 (E.D.N.Y. Oct. 29, 2012) (social worker placed in charge of monitoring supervised visitation between parent and child entitled to absolute quasi-judicial immunity for actions in the scope of her court-ordered duties); *McKnight v. Middleton*, 699 F.Supp.2d 507, 527-28 (E.D.N.Y. 2010) (same); *Deluz v. The Law Office of Frederick S. Cohen,* No. CIV S-10-0804, 2011 WL 677914, at *6 (E.D.Cal. Feb. 17, 2011) (same and collecting cases). But in the absence of briefing on the issue, I am reluctant to decide the issue *sua sponte*.

undertaking that responsibility – a manner that he says is unconstitutional. Thornton may therefore proceed on his Section 1983 claims against Defendants.

**Declaratory or Injunctive Relief**

Thornton asks that I declare various "statutes and protocols" enforced by SCAN unconstitutional and that I enjoin SCAN from enforcing them. (DE 7 at 10.) To obtain a declaratory judgment, Thornton must satisfy Article III of the U.S. Constitution's requirement of an actual "case-or-controversy." 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). To do so, Thornton must show that he has sustained an injury likely caused by the defendants that a declaratory judgment will redress. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). That's where Thornton runs into a problem. According to Defendants, on September 19, 2014 (about a month after he filed this complaint) the Allen Circuit Court ordered that SCAN be removed as the Parenting Time Coordinator for Thornton's visits with his son. (DE 17 at 5.) Although the state court's recent order is a matter that is outside the four corners of Thornton's complaint, I can take judicial notice of public records in deciding motions to dismiss. *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006); *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 (7th Cir. 2000). In light of the recent order from the state court removing SCAN from Thornton's case, declaring the various SCAN policies unconstitutional won't redress Thornton's injury because SCAN won't be applying its policies against him anymore anyway. I therefore find that there is no actual case or controversy

8

between Thornton and Defendants regarding Thornton's declaratory claims, so I will dismiss those claims.

The same goes for Thornton's request for an injunction. To obtain an injunction, Thornton must show, among other things, that an irreparable harm will result if the injunction is not granted. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). But now that SCAN is no longer involved in Thornton's visits with his son, he's not under any danger of irreparable harm. Simply put, there's nothing for me to enjoin. So I'll dismiss Thornton's request for injunction, as well.

## CONCLUSION

For the forgoing reasons, Defendants' Motion for Summary Ruling (DE 22) is **GRANTED**. Defendants' Motion to Dismiss (DE 16) is **DENIED** regarding Thornton's Section 1983 claims and is **GRANTED** regarding Thornton's requests for declaratory and injunctive relief.

**SO ORDERED.**

ENTERED: March 12, 2015

                                                  s/Philip P. Simon
                                                  Chief Judge
                                                  United States District Court